**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JERRY CAMPBELL, PAUL CRANAGE, GLEN EZELL, JOHN GROOMS, HARIHARAN VISWANATHAN, and GIRISH SAWANT,** | § § § § | **CAUSE NO. _________** |
| **Plaintiffs,** | § § | |
| **vs.** | § § § | |
| **ALF POOR, an Individual, and SHANE MCMAHON, an Individual,** | § | |
| **Defendants.** | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Jerry Campell, Paul Cranage, Glen Ezell, John Grooms, Hariharan Viswanathan, and Girish Sawant file this Original Complaint and, in support thereof, respectfully state:

## I. PARTIES

1. Plaintiff Paul Cranage ("Cranage") is a citizen of the State of Texas.

2. Plaintiff Girish Sawant ("Sawant") is a citizen of the State of Texas.

3. Plaintiff John Grooms ("Grooms") is a citizen of the State of Texas.

4. Plaintiff Glen Ezell ("Ezell") is a citizen of the State of Georgia.

5. Plaintiff Jerry Campell ("Campbell") is a citizen of the State of Missouri.

6. Plaintiff Hariharan Viswanathan ("Viswanathan") is a citizen of the State of Florida.

7. Defendant Alf Poor ("Poor") is a citizen of the state of New Jersey.

8. Defendant Shane McMahon ("McMahon") is a citizen of the state of New York.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over this case because Plaintiffs have asserted claims under federal law, specifically 29 U.S.C. § 201 *et seq*.

10. Venue properly lies in this Court because the events and omissions giving rise to Plaintiffs' claim (specifically Plaintiffs' performance of their employment obligations) occurred in Houston, Harris County, Texas, which is in the District and Division in which suit has been filed.

## III. COVERAGE

11. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 203(d). Defendants acted directly in the interest of Solectrac in relation to Plaintiffs when they exercised operational control over Solectrac and elected not to pay Plaintiffs for work Plaintiffs had performed.

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.SC. § 203(r). Solectrac and its parent company, Ideanomics, Inc. ("Ideanomics") were organizations with at least two employees and at least $500,000 in annual sales volume during the years 2023 and 2024.

13. At all times hereinafter mentioned, Plaintiffs were employees who was engaged in commerce as required by 29 U.S.C. §§ 206-207. Plaintiffs were engaged in the production of goods that were distributed throughout the United States. Specifically, Plaintiffs engaged in transactions across state lines, traveled across state lines for business purposes, and performed other duties and services in support of Solectrac's nationwide business.

## IV. FACTUAL BACKGROUND

14. Campbell was in charge of National Dealer Development and was promised a salary of $100,000 plus bonuses.

15. Cranage was a Senior Manager of Sales Business and Planning, earning $130,000 plus bonuses.

16. Ezell served as a Regional Sales Manager for Solectrac. Ezell earned $120,000.

17. Grooms was Solectrac's Vice President of Sales and Marketing and was promised a salary of $238,000 annually plus bonuses.

18. Viswanathan was the Senior Vice President of Product Development and Operations. Viswanathan's annual salary was $270,000.

19. Sawant was employed by Solectrac as the Director of Operations and Aftersales. Solectrac agreed to compensate Sawant $201,000 annually for his work.

20. Throughout November and December 2023, Plaintiffs performed their respective duties, regularly working in excess of forty (40) hours per workweek. Solectrac, however, did not compensate Plaintiffs for any time worked, on either a salary or hourly basis.

21. To date, Solectrac and Ideanomics have failed and refused to pay Plaintiffs the amounts due.

22. Solectrac and Ideanomics filed a petition for protection under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 301 *et seq.* on December 4, 2024.

## V. STATEMENT OF CLAIMS

***Failure to Pay Minimum Wage in Accordance with the FLSA (All Defendants)***

23. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 22 hereinabove.

24. During the relevant period, Poor and McMahon violated Section 6 of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2).

25. In 2023, Solectrac failed to pay Plaintiffs any wages during numerous workweeks in which Plaintiffs engaged in commerce or Solectrac engaged in commerce pursuant to 29 U.S.C. § 206. No exemption or exception exists which would excuse Solectrac from its legal obligation to pay Plaintiffs the federally-established minimum wage in each of the workweeks during which Plaintiffs worked for Solectrac.

26. Solectrac's deliberate decision to not compensate Plaintiffs for certain workweeks constitutes a willful violation of the FLSA.

27. Poor and McMahon directly controlled the finances for Solectrac, including all payments to Plaintiffs, and, accordingly, are individually liable for the failure to pay Plaintiffs under the FLSA.

***Failure to Pay Overtime Wages in Accordance with the FLSA (All Defendants)***

28. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 22 hereinabove.

29. During the relevant period, Poor and McMahon violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

30. In 2023, Solectrac failed to pay Plaintiffs any wages during numerous workweeks in which they engaged in commerce or Solectrac engaged in commerce pursuant to 29 U.S.C. § 207. During these workweeks in which Solectrac failed to pay Plaintiffs any wages, Plaintiffs regularly worked in excess of forty (40) hours per workweek. Solectrac failed to pay Plaintiffs time-and-a-half for all hours they worked in excess of forty (40) hours in a workweek.

31. Plaintiffs were non-exempt employees during the workweeks Solectrac failed to pay Plaintiffs any wages because Solectrac failed to pay Plaintiffs the minimum salary requirements under the FLSA.

32. Solectrac's deliberate decision to not compensate Plaintiffs for certain workweeks constitutes a willful violation of the FLSA.

33. Poor and McMahon directly controlled the finances for Solectrac, including all payments to Plaintiffs, and, accordingly, are individually liable for the failure to pay Plaintiffs under the FLSA.

## VI. JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues of facts and damages raised in this case.

## VII. REMEDIES

Wherefore, Plaintiffs pray that the Court grant them the following relief:

a. Minimum wage and overtime pay owed to Plaintiffs in an amount to be determined by the jury;
b. Liquidated damages, in an amount to be determined by the jury;
c. Actual damages;
d. Restitution or such other relief to make whole Plaintiff;
e. Prejudgment and post-judgment interest;
f. Reasonable attorneys' fees, expenses and costs of the action; and
g. Such other legal and equitable relief as the Court shall deem just and proper.

Respectfully submitted,

Michael E. Coles
State Bar No. 24007025
mikec@colesfirm.com
**THE COLES FIRM PC**
8080 North Central Expressway, Suite 1700
Dallas, Texas 75206
(214) 443-7860 (Telephone)
(214) 443-7861 (Facsimile)

Of Counsel:

**THE LAMBERSON LAW FIRM PC**
6333 E. Mockingbird Ln, Suite 147-524
Dallas, Texas 75214
(214) 320-2894 (Telephone)
(214) 602-5796 (Facsimile)

By: ______________________________
Elizabeth Aten Lamberson
State Bar No. 24027044
lizl@colesfirm.com

**ATTORNEYS FOR PLAINTIFFS**